Case 1:20-cv-00312-CBA   Document 8   Filed 03/19/21   Page 1 of 12 PageID #: 847

Clerk's Office
Filed Date: 3/19/2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL HEILBRON,

        Appellant,

-against-

BENJAMIN PLAZA, JR.,

        Appellee.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
20-CV-00312 (CBA)

**AMON, United States District Judge:**

Appellant Michael Heilbron ("Heilbron") appeals from the judgment of the Bankruptcy Court granting Appellee Benjamin Plaza, Jr.'s ("Plaza") motion for summary judgment. For the reasons stated below, I remand the case back to the Bankruptcy Court for further proceedings consistent with this Order.

## BACKGROUND

The lengthy history of the instant litigation is set forth more fully in the Bankruptcy Court's prior opinion granting Plaza's motion for summary judgment. Plaza v. Heilbron (In re Heilbron), Case No. 18-42486-ess, 2020 WL 259563 (Bankr. E.D.N.Y. 2020) ("SJ Mem."). The factual and procedural information relevant to the instant appeal is set forth below.

### I. The Queens Criminal Court Action

On June 29, 2008, Heilbron punched Plaza, breaking his jaw. (SJ Mem. at 2.) Heilbron was subsequently arrested and charged by criminal complaint (the "Queens Criminal Court Action") on July 1, 2008 with violations of New York Penal Law Section 120.05(1) (Assault in the Second Degree), Section 120.05(2) (Assault in the Second Degree), Section 120.00(1) (Assault in the Third Degree), and Section 240.26(1) (Harassment in the Second Degree). (Id. at 3.) On February 5, 2009, Heilbron pleaded guilty before the Honorable Dorothy Chin Brandt of the

1

Criminal Court of the City of New York, County of Queens, to a single charge of Assault in the Third Degree. (Id. at 4.) At the plea and sentencing hearing, Heilbron acknowledged that he intended to plead guilty to "assault in the third degree, a violation of 120.00 of the penal law." (Id.) Justice Brandt asked Heilbron "[o]n or about [6]/29 of last year, about 10:30 in the evening at 78th Street and 21st Avenue in Queens, you knowingly assaulted another person and caused injury to that person, is all this true?" to which Heilbron responded "[y]es." (Id.) Justice Brandt sentenced Heilbron to a conditional discharge and ordered that he attend an anger management program, perform five days of community service, and pay certain fees. (Id.)

On February 27, 2009, the Queens Criminal Court issued a Certificate of Disposition reflecting Heilbron's plea and sentence, reflecting that he pleaded guilty to a single charge of N.Y. Penal Law § 120.00. (Id. at 5.) The Certificate of Disposition did not reflect to which specific subsection of N.Y. Penal Law § 120.00 Heilbron pled guilty. (Id.)

## II. The Queens County Supreme Court Action

On March 30, 2009, Plaza sued Heilbron in the Supreme Court of the State of New York, County of Queens, for monetary damages arising out of the assault ("the Queens Supreme Court Action"). (Id. at 5.) The Verified Summons and Verified Complaint were served on Heilbron's co-worker on June 12, 2009 at the Carlyle Hotel, his place of employment. (Id.) On June 12, 2009, the process server also mailed a copy of the Verified Summons and Verified Complaint to Heilbron at the Carlyle Hotel. Id. Plaza alleged causes of action for assault and battery. (Id.) Heilbron did not answer or otherwise respond to the Verified Complaint, resulting in the entry of a default judgment against him on November 18, 2009 after an inquest and trial on damages. (Id. at 6.)

On August 29, 2016, Heilbron filed a request for an order to show cause for a temporary restraining order and injunctive relief, seeking to overturn the default judgment by arguing that he was never properly served with the Verified Summons and Verified Complaint. (Id. at 7.) He further argued that he should be afforded the opportunity to present substantive defenses to the action. (Id.) The Queens Supreme Court denied Heilbron's request for an order to show cause, finding that Heilbron "d[id] not set forth a reasonable excuse for his default in appearing" and also did not set forth "a meritorious defense to the action." (Id. at 8.)

### III. The Bankruptcy Proceeding

Heilbron filed a voluntary petition for relief (18-42486) under Chapter 7 of the Bankruptcy Code on April 30, 2018. (Id.) Heilbron received a discharge on August 8, 2018. (Id.)

### IV. The Nondischargeability Action

Plaza commenced the instant nondischargeability action against Heilbron on May 7, 2018. (Id.) He sought a determination that the default judgment in the Queens Supreme Court Action is nondischargeable under 11 U.S.C. § 523(a)(6), which prevents discharge of debts arising from willful and malicious injury caused by a debtor. (Id.) Plaza filed a motion for summary judgment on December 20, 2018, arguing that summary judgment was warranted under the doctrine of collateral estoppel. (Id. at 10.) On January 15, 2020, the Bankruptcy Judge granted Plaza's motion, holding that each of the elements of Plaza's nondischargeability claim was established via application of the doctrine of collateral estoppel to Heilbron's conviction in the Queens Criminal Court Action and the default judgment in the Queens Supreme Court Action, (see id. at 48). Heilbron filed the instant appeal on January 28, 2020, arguing that the Bankruptcy Court's decision to grant Plaza's motion for summary judgment was erroneous. (E.C.F. Docket Entry ("D.E.") #1.)

**STANDARD OF REVIEW**

District courts have jurisdiction to hear appeals from decisions of bankruptcy courts under 28 U.S.C. § 158(a).  28 U.S.C. § 158(a) ("[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges . . . .").  A district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  Sumpter v. DPH Holdings Corp. (In re DPH Holdings Corp.), 468 B.R. 603, 611 (S.D.N.Y. 2012) (quoting former Fed. R. Bankr. P. 8013).  See also W. Milford Shopping Plaza, LLC v. Great Atl. & Pac. Tea Co., Inc. (In re Great Atl. & Pac. Tea Co., Inc.), No. 14-cv-4170 (NSR), 2015 WL 6395967, at *2 n. 1 (S.D.N.Y. Oct. 21, 2015) (noting that, although the Federal Rules of Bankruptcy Procedure were amended to remove Rule 8013, the appellate powers of the District Court with respect to bankruptcy appeals have remained the same).

In general, a district court reviews a Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo.  In re Bayshore Wire Products Corp., 209 F.3d 100, 103 (2d Cir. 2000).  "The application of collateral estoppel to a given case is a question of law that [appellate courts] review de novo."  M.O.C.H.A. Soc'y, Inc. v. City of Buffalo, 689 F.3d 263, 284 (2d Cir. 2012).

**DISCUSSION**

V.  **Applicable Law**

This appeal is based upon the Bankruptcy Court's application of the doctrine of collateral estoppel and conclusion that the debt established by the default judgment obtained by Plaza against Heilbron is nondischargeable in bankruptcy.  A debt is not dischargeable in bankruptcy where one of the exceptions enumerated in 11 U.S.C. § 523 applies.  11 U.S.C. § 523(a).  See also In re

4

Stelluti, 94 F.3d 84, 87 (2d Cir. 1996). Section 523(a)(6) provides that debts resulting from a "willful and malicious injury by the debtor to another entity or to the property of another entity" are nondischargeable. 11 U.S.C. § 523(a)(6). As used in § 523(a)(6), "[t]he term willful . . . means deliberate or intentional." In re Stelluti, 94 F.3d at 87 (internal quotation marks omitted). "[T]he word 'willful' indicates 'a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury.'" Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir. 2006) (quoting Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998) (emphasis in original)). Debts "arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." Kawaauhau, 523 U.S. at 64. As used in § 523(a)(6), the term malice means "wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." Ball, 451 F.3d at 69 (quoting In re Stelluti, 94 F.3d at 87). "Malice may be implied 'by the acts and conduct of the debtor in the context of [the] surrounding circumstances.'" In re Margulies, 517 B.R. 441, 451 (S.D.N.Y 2014) (quoting In re Stelluti, 94 F.3d at 88 (alteration in original) (internal quotation marks omitted)). Finally, the application of § 523(a)(6) necessarily requires a finding that the debtor caused an "injury." See 11 U.S.C. § 523(a)(6). See also In re Birnbaum, 513 B.R. 788, 802–03 (Bankr. E.D.N.Y. 2014). A plaintiff in a nondischargeability action must prove each of these elements by a preponderance of the evidence. See Grogan v. Garner, 498 U.S. 279, 291 (1991).

Parties may, however, "invoke collateral estoppel to preclude relitigation of the elements necessary to meet a § 523(a) exception." Ball, 451 F.3d at 69. As the Bankruptcy Court stated, New York law applies to determine the preclusive effect, if any, of the conviction in the Queens Criminal Court Action and the default judgment in the Queens Supreme Court Action because each of these actions was adjudicated by a New York state court. See New York v. Sokol (In re

Sokol), 113 F.3d 303, 306 (2d Cir. 1997).  "Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action."  Evans v. Ottimo, 469 F.3d 278, 281 (2d Cir. 2006) (citing Kaufman v. Eli Lilly & Co., 65 N.Y.2d 449, 455–56 (1985)).  The party seeking application of the doctrine of collateral estoppel bears the burden of establishing the identity of the issues, while the party against whom the doctrine will be applied bears the burden of demonstrating the absence of a full and fair opportunity to litigate the issue.  Kaufman, 65 N.Y.2d at 456.

## VI. Analysis

The Bankruptcy Court found (1) that Heilbron was collaterally estopped from contesting each of the elements of Plaza's nondischargeability claim by his conviction in the Queens Criminal Court Action, but that (2) the default judgment in the Queens Supreme Court Action served only to collaterally estop Heilbron from contesting the injury element, not the willfulness or maliciousness elements.  I consider the Bankruptcy Court's application of the doctrine of collateral estoppel to each of these elements in turn.

### A. The Queens Criminal Court Action

On appeal[1], Heilbron argues that the Bankruptcy Court's finding that the identical issues of willfulness and malice were necessarily decided in the Queens Criminal Court Action was error.[2]

### 1. Willfulness

With respect to willfulness, resolution of this issue depends upon the propriety of the Bankruptcy Court's finding that the record reflects that Heilbron pleaded guilty to N.Y. Penal Law § 120.00(1) (intentional assault), rather than § 120.00(2) (reckless assault)[3]. A person is guilty of assault under N.Y. Penal Law § 120.00(1) when "with intent to cause physical injury to another person, he causes such injury to such person or to a third person . . . ." N.Y. Penal Law § 120.00(1). N.Y. Penal Law § 15.05 provides that "[a] person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct." N.Y. Penal Law § 15.05(1). A conviction under N.Y. Penal

---

[1] Plaza argues that Heilbron failed to preserve the argument that his criminal conviction and accompanying admission that he "knowingly" committed an assault is insufficient to satisfy the willful and malicious standard of § 523(a)(6). The treatment of this issue in Heilbron's brief opposing the motion for summary judgment below is admittedly terse and his argument made in only general terms. (See D.E. # 6-1 at 125 ("The issues raised in bankruptcy court are not identical to the State Court and the standards used are different.").) Federal appellate courts generally decline to pass on arguments raised for the first time on appeal. See Official Comm. Of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 166 (2d Cir. 2003). "That rule, however, is one of prudence and not appellate jurisdiction" and the appellate court "retain[s] broad discretion to consider issues not raised initially in the [lower court]." Baker v. Dorfman, 239 F.3d 415, 420 (2d Cir. 2000). An appellate court is more likely to exercise such discretion "(1) where consideration of the issue is necessary to avoid manifest injustice or (2) where the issue is purely legal and there is no need for additional fact-finding." Id. (internal quotation marks omitted). Both are satisfied here. The Bankruptcy Court's opinion is based in large part on its thorough examination of the record and subsequent determination that the identical issues of willfulness and malice were necessarily decided in Heilbron's guilty plea; to deny him an opportunity to argue this point would be to effectively deny him the opportunity to appeal the decision at all. Further, the question is a purely legal one, and no additional fact finding is needed.

[2] Heilbron does not appear to dispute the Bankruptcy Court's conclusion that he had a full and fair opportunity to litigate the relevant issues in the Queens Criminal Court Action, nor that the conviction conclusively establishes the injury element of Plaza's nondischargeability claim.

[3] Heilbron does not argue that he pleaded guilty to N.Y. Penal Law § 120.00(3), which pertains to criminally negligent assault by means of a deadly weapon or dangerous instrument. (See Heilbron Br. at 9 ("It is unclear from the guilty plea . . . under what provision did Heilbron ple[a]d guilty – subsection 120.00[1] or [2] of N.Y. Penal Law.").)

Law § 120.00(1) therefore necessarily establishes that a debtor willfully—that is, deliberately or intentionally—caused injury to another within the meaning of § 523(a)(6).  See Vyshedsky v. Soliman (In re Soliman), 515 B.R. 179, 191 (Bankr. S.D.N.Y. 2014) ("If [the debtor] was charged and specifically pled guilty to a charge under section 120.00[1], his actual intent to cause injury has been established.").

The Bankruptcy Court acknowledged that "as set forth in Penal Code Section 120.00, a person may be guilty of Assault in the Third Degree based on intentional, reckless, or criminally negligent conduct," and that "the Certificate of Disposition [reflecting Heilbron's plea] does not specify whether his plea was to a charge under Penal Law Section 120.00(1), which [penalizes] an assault made 'with intent to cause physical injury,' or 120.00(2), which [penalizes] an assault that 'recklessly causes physical injury,' or 120.00(3), which [penalizes] an assault made 'with criminal negligence . . . by means of a deadly weapon or dangerous instrument.'"  (SJ Mem. at 33.)  The Bankruptcy Court nonetheless concluded that "the record [left] no doubt that there is an identity of the issues between the intent component of Heilbron's guilty plea and the willfulness element of this Section 523(a)(6) claim" after examining Heilbron's statements during his plea allocution.  (See id. at 33–34.)  Noting that Heilbron allocuted to "knowingly assault[ing] another person and caus[ing] injury to that person," the Bankruptcy Court concluded that "[i]t is hard to reconcile Heilbron's statements with the terms of Penal Law Section 120.00(2), which concerns reckless conduct, or with the terms of Penal Law Section 120.00(3), which requires the use of a 'deadly weapon' or 'dangerous instrument.'"

Heilbron contests this finding on appeal, arguing that the record in the Queens Criminal Court Action does not provide a sufficient basis to conclude that his assault conviction was based on intentional conduct, rather than reckless or criminally negligent conduct.  Heilbron argues that

8

because a person can be convicted of assault under N.Y. Penal Law § 120.00 based on intentional, reckless, or criminally negligent action, and New York law defines intent, knowledge, and recklessness as separate states of mind, it is impossible to discern from his allocution to "knowingly assault[ing] and caus[ing] injury to" Plaza whether he pleaded guilty to intentional assault under N.Y. Penal Law § 120.00(1) or reckless assault under N.Y. Penal Law 120.00(2).

In response, Plaza urges affirmance for the same reasons stated in the Bankruptcy Court's Memorandum Decision and for the additional reason that "each of the assault counts on the felony complaint were intentional charges rather than sounding in reckless[ness] or criminal negligence" and "the prosecutor did not move to add any charges to the docket so there was neither a reckless assault count . . . nor a criminal negligence count . . . for appellant to plead guilty to."  (D.E. # 7 ("Plaza Br." at 18–19 (internal citation omitted).)

Although the issue is a close one and while the decision below may seem intuitively correct, I ultimately conclude that, on the basis of the record below, Plaza fails to meet his burden of showing that the issue of "willfulness" was necessarily decided in the Queens Criminal Court Action.  On one hand, Heilbron was charged with "PL 120.00-1 Assault in the Third Degree" as well as two counts of intentional second-degree assault and one count of criminal harassment.  (See D.E. # 1-1 at 15.)  Thus, the record reflects that the only misdemeanor Heilbron was charged with was intentional third-degree assault under § 120.00(1).  However, while it is clear what subsection of § 120.00 Heilbron was charged with, it is not clear to which subsection of § 120.00 Heilbron pleaded guilty.  Heilbron's plea allocution cannot serve as the basis for a finding that he pleaded guilty to intentional assault, although he admitted to "knowingly" assaulting Plaza, because knowledge and intent are separate mental states under New York law.  See N.Y. Penal Law §

9

15.05.  Nor does the Certificate of Disposition reflect to which subsection of § 120.00 Heilbron pleaded guilty.

Referencing the criminal complaint, Plaza argues that the only misdemeanor assault Heilbron was charged with was intentional misdemeanor assault, (see D.E. # 1-1 at 15), and therefore, in the absence of new charges, that was the charge to which Heilbron must have pleaded guilty.  Although that argument has superficial appeal, the prosecutor did not make reference to that charge at the plea hearing.  Instead, he said more generally that he was reducing the § 120.05 charge (the felony) to § 120.00 (the misdemeanor) but did not specify a subsection.  (See D.E. # 1-1 at 18.)

Because "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)[,]" Kawaauhau, 523 U.S. at 64, and the record does not clearly establish that Heilbron was convicted of committing an intentional rather than a reckless assault, I vacate the Bankruptcy Court's decision and remand for a trial on whether Heilbron's conduct satisfies the willfulness element of § 523(a)(6).  See Soliman, 515 B.R. at 191–92 (denying motion for summary judgment in an action under § 523(a)(6) based on collateral estoppel effect of conviction under N.Y. Penal Law § 120.00 where the record was insufficient to establish whether the debtor was convicted under the intentional or reckless subsection).

### 2. Maliciousness

Because of the unclear nature of the record in the Queens Criminal Court Action and the fact that the Bankruptcy Court grounded its decision on its finding that Heilbron pleaded guilty to an intentional assault, I further conclude that Heilbron is not collaterally estopped from contesting maliciousness by his criminal conviction.  The Bankruptcy Court held that there was "an identity of the issues between the intent component of Heilbron's guilty plea and the maliciousness element

10

of [Plaza's] Section 523(a)(6) claim." (SJ Mem. at 40.) Because the Bankruptcy Court's finding of maliciousness was inextricably linked to its finding that Heilbron pleaded guilty to an intentional assault, I vacate the decision of the Bankruptcy Court and remand the case for trial. See Soliman, 515 B.R. at 192 (denying summary judgment and holding that debtor was not collaterally estopped from contesting maliciousness where record was unclear as to whether debtor pleaded guilty under N.Y. Penal Law § 120.00(1) or § 120.00(2)).

### B. The Queens Supreme Court Action

Heilbron does not appeal the Bankruptcy Court's finding that he is collaterally estopped from contesting the injury element of Plaza's nondischargeability claim by his criminal conviction. I therefore decline to consider the parties' arguments with respect to the Bankruptcy Court's finding that Heilbron was collaterally estopped by the default judgment in the Queens Supreme Court Action from disputing the injury element of Plaza's nondischargeability claim, as any vacatur would have no effect on the ultimate outcome of Heilbron's appeal.

### C. Alleged Unfairness in Application of Collateral Estoppel

Finally, in one paragraph of his brief, Heilbron argues that application of the doctrine of collateral estoppel was error because the nondischargeability action afforded "procedural opportunities unavailable in the first action that could readily cause a different result." (Heilbron Br. at 8 (internal quotations omitted).) As Plaza argues, it appears that Heilbron did not preserve this argument for appeal below, and I decline to exercise my discretion to consider it. Further, the entirety of Heilbron's argument is that, in the nondischargeability action, he "had an opportunity to show his defenses and his entitlement to discharge of the debts" and that the elements of "discharge etc. arise[] only in the bankruptcy context and not other forums." (Id.) Heilbron does not further explain how he was denied an opportunity to present a defense in either the Queens

11

Criminal Court Action or the Queens Supreme Court Action or which defenses he would have sought to present. His argument is made in only a conclusory fashion and I am therefore unable to accept it.

## CONCLUSION

For these reasons, I remand the case back to the Bankruptcy Court for further proceedings consistent with this Order.

SO ORDERED.

Dated: March 19, 2021
      Brooklyn, New York                                                  /s/ Carol Bagley Amon
                                                                             Carol Bagley Amon
                                                                             United States District Judge